UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORRINA HAHN,

      Plaintiff,

v.                                                  Case No. 10-12370
                                                  Honorable Patrick J. Duggan

BEST RECOVERY SERVICES, LLC,
SUPERIOR PONTIAC, BUICK, GMC,
INC., d/b/a Superior Auto Group,
ALLY FINANCIAL, INC., formerly
known as GENERAL MOTORS
ACCEPTANCE CORPORATION,

      Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT BEST RECOVERY'S AFFIRMATIVE DEFENSE OR, ALTERNATIVELY FOR JUDGMENT ON THE PLEADINGS OR, ALTERNATIVELY FOR MORE DEFINITE STATEMENT**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on November 1, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Plaintiff filed this action against Defendants on June 15, 2010, alleging violations of the federal Fair Debt Collections Practices Act and the Consumer Leasing Act related to her lease of a vehicle. Plaintiff filed a First Amended Complaint on June 16, 2010. Defendant Best Recovery Services, LLC ("Best Recovery"), filed an Answer to Plaintiff's Complaint on August 31, 2010, and an Amended Answer on September 16,

2010. Presently before the Court is Plaintiff's motion to strike affirmative defenses asserted in Best Recovery's answers or alternatively for judgment on the pleadings or for more definite statement, filed pursuant to Federal Rules of Civil Procedure 12(c), (e) and (f) on September 21, 2010. The motion has been fully briefed and on October 8, 2010, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to the motion pursuant to Eastern District of Michigan Local Rule 7.1(f).

**Parties' Arguments**

In her motion, Plaintiff argues that the following affirmative defenses asserted in Best Recovery's answers should be stricken pursuant to Federal Rule of Civil Procedure 12(f) or dismissed for failure to plead a claim on which relief may be granted pursuant to Rule 12(c): arbitration clause and release; failure to state a claim upon which relief may be granted; claims asserted in bad faith; unclean hands; bona fide error defense; reliance on all laws; and failure to mitigate. Plaintiff contends that these defenses are unavailable in the present case and/or lack factual support. Alternatively, Plaintiff asks the Court pursuant to Federal Rule of Civil Procedure 12(e) to order Best Recovery to provide a more definite statement in support of these defenses.

Best Recovery counters in its response that it is a company that specializes in repossession of automobiles and that none of the agreements relevant to Plaintiff's lease of her automobile and referred to in her complaint (i.e. a lease, co-signer agreement, electronic funds transfer agreement, and an assignment to General Motors Acceptance Corporation ("GMAC") are in its possession. Therefore, Best Recovery explains, it is

without sufficient information to assess exactly which defenses are properly asserted in response to Plaintiff's complaint and/or to set forth additional facts in its answer with respect to its defenses. Best Recovery indicates that its counsel specifically inquired as to the identification of the other defendants' counsel in an effort to obtain such information; however, Plaintiff's counsel avoided providing this information. Best Recovery argues that it therefore asserted those defenses that it believes it might be able to raise in response to Plaintiff's claims, including those which must be asserted or be deemed waived pursuant to Federal Rule of Civil Procedure 8(c)(1).

Best Recovery acknowledges in its response brief that its affirmative defense of unclean hands should be stricken if Plaintiff is not seeking injunctive or equitable relief against it. As Best Recovery points out, however, in paragraph 109g of the Amended Complaint, "Plaintiff seeks an unspecified declaration of her rights and that she did not breach her agreement." (Resp. at 11.) Best Recovery indicates that it is willing to withdraw this defense if Plaintiff concedes that she is not seeking equitable or injunctive relief against it. (*Id*.) In reply, however, Plaintiff fails to clarify the relief sought.

### Applicable Law and Analysis

Rule 12(f) provides that, *sua sponte* or on motion of a party, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Sixth Circuit Court of Appeals has advised that "because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the

3

courts. It is a drastic remedy to be resorted to only when required for the purposes of justice." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (1953) (citations omitted). The court further advised that "[a] motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Id*.

A motion to strike an affirmative defense under Rule 12(f) "is proper if the defense is insufficient; that is, if 'as a matter of law, the defense cannot succeed under any circumstances.'" *United States Sec. & Exch. Comm'n v. Thorn*, No. 2:01-CV-290, 2002 WL 31412440, at *2 (S.D. Ohio 2002) (quoting *Ameriwood Indus. Int'l Corp. v. Arthur Andersen & Co.*, 961 F. Supp. 1078, 1083 (W.D. Mich. 1997)). The motion also is proper "if it aids in eliminating spurious issues before trial, thereby streamlining the litigation." *Id*. Generally, however, a Rule 12(f) motion should not be granted "if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits." *United States v. Pretty Products, Inc.*, 780 F. Supp. 1488, 1498 (S.D. Ohio 1991) (quotation marks and citation omitted).

Plaintiff fails to show that Best Recovery's affirmative defenses have "no possible relation to the controversy" or "as a matter of law . . . cannot succeed under any circumstances." Essentially Plaintiff is asking the Court to prevent Best Recovery from obtaining the facts that Best Recovery indicates it needs– and does not possess due to its role in the alleged misconduct– to adequately respond to Plaintiff's claims. Best Recovery, in comparison, sets forth plausible scenarios that may render its affirmative defenses warranted and sufficient to prevail in this lawsuit. In short, the Court believes

4

that whether there is a factual bases for Best Recovery's affirmative defenses should be addressed during the discovery process and not through a motion to strike or a motion for judgment on the pleadings.

For similar reasons, the Court denies Plaintiff's request for a more definite statement. It is clear from Best Recovery's response that, as a defendant in this lawsuit and due to its role in the alleged misconduct, it lacks factual information that would enable it to satisfy the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) or *Ashcroft v. Iqbal*, – U.S. –, 120 S. Ct. 1937 (2009). Moreover, and without Sixth Circuit guidance to the contrary, this Court is not convinced that *Twombly* or *Iqbal* set forth the pleading requirements for affirmative defenses as the Supreme Court in those cases was dealing with the pleading requirements for stating a claim for relief under Federal Rule of Civil Procedure 8(a), not Rule (b) or (c) which apply to pleading defenses.

Rule 8(b) only requires defenses to be stated "in short and plain terms . . ." Fed. R. Civ. P. 8(b). The Sixth Circuit has explained that "[t]he purpose of Rule 8(c) . . . is to give the opposing party notice of the affirmative defense and a chance to respond." *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997). The Sixth Circuit also has held that a defendant may rely on the defense of res judicata when it stated simply in its answer: "Plaintiffs' claims are barred by the doctrine of res judicata." *See Davis v. Sun Oil Co.*, 148 F.3d 606, 612 (6th Cir. 1998).

Accordingly,

5

**IT IS ORDERED**, that Plaintiff's Motion to Strike Best Recovery's Affirmative Defense[s]; or Alternatively for Judgment on [the] Pleadings; or Alternatively for More Definite Statement is **DENIED**.

                                                  s/PATRICK J. DUGGAN
                                                  UNITED STATES DISTRICT JUDGE

Copies to:
Ian B. Lyngklip, Esq.
Lori L. Bommarito, Esq.
Robert E. Packus, Jr., Esq.